UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

N⁰ 08-CV-3582 (JFB) (WDW)

———————————

SAVERINO GALLO,

Plaintiff,

VERSUS

GLEN COVE CITY SCHOOL DISTRICT,

Defendant.

———————————

**MEMORANDUM AND ORDER**
April 29, 2009

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff *pro se* Saverino Gallo ("plaintiff" or "Gallo") brought the above-captioned action against his former employer, the Glen Cove City School District ("defendant" or "the District"), alleging the following: employment discrimination on the basis of plaintiff's disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 1112 *et seq.*, as amended (the "ADA"); employment discrimination on the basis of plaintiff's age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, as amended (the "ADEA"); employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII"); and unlawful retaliation for engaging in activities protected by the aforementioned statutes.[1]

---

[1] While plaintiff did not specify Title VII as one of the statutory grounds giving rise to his claims in the civil complaint cover sheet filed with his initial complaint, he did purport to seek relief under that statute in his amended complaint. However, he asserts no claims of discrimination based on categories protected by that statute, (*see* Gallo Aff. at 9, ¶¶ 4, 7), and in his complaint of discrimination filed with the New York State Division of Human Rights on March 17, 2008 prior to the initiation of this lawsuit, he checks only "age," "disability," and "retaliation" as the bases of the alleged discrimination. (*See* Amended Complaint, Ex. 1, at 1-10.) However, in his August 3, 2004 complaint, filed with the same agency and containing allegations of discrimination based on the same set of facts as his 2008 complaint, he does assert claims based on his inclusion in classes protected

Defendant now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's complaint is time-barred by the applicable statute of limitations and, presuming that it is timely, fails to set forth facts sufficient to state a claim. For the reasons set forth below, the Court concludes that plaintiff's complaint is time-barred and dismisses it in its entirety, with prejudice.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint ("Compl."), the amended complaint ("Amended Compl."), the affidavit plaintiff filed in opposition to the instant motion ("Gallo Aff."), and the exhibits attached to those three documents. These facts are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff is a fifty-eight year old Caucasian male with a disc herniation and heart condition, who was employed as an educator with defendant from 1981 through 2006. (Amended Compl. at 3; Gallo Aff. at 2.) In the papers filed before the Court, plaintiff appears to allege acts of discrimination and retaliation perpetrated by defendant dating back to 1998.[2] (Compl. at 10; Amended Compl., Ex. 1 at 4; Gallo Aff. at 2-3.) However, based on a review of the discrimination complaints he filed with the New York State Division of Human Rights ("NYSDHR") on August 3, 2004 and March 17, 2008, as well as the various exhibits attached to his pleadings, it appears that his allegations primarily arise from disciplinary proceedings initiated against him in his role as an educator in 2004 based on allegations of inappropriate conduct with students. In his August 3, 2004 NYSDHR complaint, plaintiff alleges that he was "falsely prosecute[d] with respect to utterly specious disciplinary charges predicated upon calculatedly false, gender-based allegations of 'fact' solicited by [defendant] from a female student of Indian national origin, . . . a female student of Hispanic national origin, . . . a female student of Chilean national origin, . . . and an African-American female student." (Amended Compl., Ex. 1 at 15.) Plaintiff further elaborated in that complaint that the charges "were being prosecuted by reason of personal animus and malice, and motivated by [defendant]'s desire to terminate my employment by reason of my age, because I am a United States citizen, and because I am a male Caucasian." (*See id*.) According to a letter issued by the New York Insurance Reciprocal regarding plaintiff's August 3, 2004 complaint, the Equal Employment Opportunity Commission ("EEOC") closed plaintiff's case and issued a "Right to Sue" letter on August 17, 2004. (Amended Compl., Ex. 1 at 26.) Plaintiff has not alleged that he filed a federal lawsuit based on this complaint at any time thereafter. Plaintiff retired from the Glen Cove City School District in June of 2006. (Compl. at 10.)

On March 17, 2008, plaintiff filed a second complaint with the NYSDHR, stating that the most recent act of discrimination against him

---

by Title VII. (*See id*. at 15.) Regardless of whether plaintiff has asserted a cognizable claim under that statute, though, it would be time-barred, for reasons stated *infra*.

[2] In the timeline detailing alleged acts of discrimination attached to his Amended Complaint, plaintiff lists acts of retaliation perpetrated in 1979, 1980, and 1981, but it is unclear what protected activity preceded those alleged acts of retaliation.

2

had occurred on March 15, 2008. (Compl. at 10.) In the timeline documenting alleged acts of discrimination attached to that complaint, though, plaintiff notes only one occurrence post-dating his retirement from the Glen Cove City School District in June of 2006; by the time entry "7/07," plaintiff writes: "Spray and Pray (tell all hope for help w/ remedy)." (*Id*. at 10.) Plaintiff attempted to clarify this allegation in a November 7, 2008 letter to the Court, stating that: "In original complaint; July 2007 Spray and Pray, should read, I am spraying and praying (telling all hoping for a remedy). This is 3020A Taylor Law jargon for what was done to me. Four charges, forty-three specifications; found culpable of one specification: 'mocking.'" (Plaintiff's Letter, dated November 7, 2008, at 1.)[3] In plaintiff's March 17, 2008 complaint, immediately following the "Spray and Pray" entry, plaintiff writes: "*administrative process* is *above the law* and lacks *due process*, speedy trial and need to *face accusers* . . . . *Ten days* if you want a public hearing and a *life time* for the complicated, nebulous, often *misguided, misinformed, disfunctional* school district to hold over a decent human being and his family and *community*." (Compl. at 11 (emphasis in original).) Based on this statement, coupled with the reference to the state statutory provision governing disciplinary procedures for tenured teachers, as well as the various letters and news articles plaintiff has attached to his complaint relating to the 2004 disciplinary procedures instituted against him (as well as plaintiff's statements at oral argument),[4] it is clear that the "Spray and Pray" incident referenced in plaintiff's 2008 NYSDHR complaint refers back to those same 2004 proceedings.[5]

On April 18, 2008, the NYSDHR dismissed plaintiff's March 17, 2008 complaint as untimely, as he "failed to file [it] within the one year statute of limitations[.]" (*See id*. at 14-15.) The Equal Employment Opportunity Commission ("EEOC") closed the matter on August 5, 2008, citing plaintiff's failure to timely file his claim of discrimination, and issued a "Right to Sue" letter. (Compl. at 6.) Plaintiff timely filed the instant lawsuit before this Court on September 3, 2008, and indicated

---

[3] Though plaintiff does not specify that "3020A" refers to New York Education Law § 3020, the Court notes that this statutory provision governs the disciplinary procedures applicable to tenured teachers. N.Y. C.L.S. Educ. § 3020 (stating that "[n]o person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section three thousand twenty-a of this article"). Further, the "Taylor Law," also known as the Public Employees Fair Employment Act, defines the rights and limitations of unions for public employees in New York State. *See* N.Y. C.L.S. Civ. S. Article XIV.

[4] (*See generally, e.g.,* Amended Compl. at 14 (undated e-mail from plaintiff to unknown recipient, stating: "For more than six years myself and my family have been victimized with a barrage of accusations from inappropriate language to mocking to looking at kids to touching. They have sprayed and prayed hoping I would retire. I was found guilty of mocking a student using the New York State 3020a Law after I stood up to this madness through a series of public hearings."); *id*. at 17 (article entitled "Falsely Accused: It's the worst thing that can happen to an educator, so what can you do?"); *id*. at 28 (document entitled "Open Letter to the Community" from plaintiff stating: "I have been threatened for the third time in the last four years and as of June 19, 2004 have been actually served with charges allegedly calculatedly false assertions of fact with respect to me.").)

[5] Plaintiff specifically states, in his affidavit filed in opposition to the instant motion: "I was threatened against with 3020a proceedings. Eventual findings have me culpable of one specification; mocking (which I did not do) out of 4 charges and 43 specifications." (Gallo Aff. at 4.)

3

therein that acts of discrimination were occurring "continuously and including 1/31/06." (*Id*. at 3.) He specified in his affidavit filed in opposition to the instant motion that his injuries are ongoing because: (1) defendant has yet to provide him with a series of observations conducted while he was still employed as an educator, (Gallo Aff. at 7-8), (2) defendant has yet to afford him a public hearing on the June 15, 2004 charges,[6] (Gallo Aff., Ex. 2), and (3) the "3020a charges II" continue to affect him "emotionally and professionally." (Gallo Aff. at 8.) Regarding the lingering effects of the 2004 charges, plaintiff also appears to allege that the repercussions of those proceedings have foreclosed any future teaching opportunities. (*See, e.g.,* Plaintiff's Letter to the Court dated November 7, 2008 ("July 2006: Applied for math teaching and coaching job at Friend's Academy; questioned as to 'what happened in Glen Cove.'") and ("I could have taught and coached another 20 years.").)

B. Procedural History

On September 3, 2008, plaintiff filed the instant action. On September 19, 2008, defendant requested a pre-motion conference in anticipation of filing a motion to dismiss. On October 17, 2008, the Court held a pre-motion conference, at which time it granted plaintiff leave to amend his complaint. In doing so, the Court specifically noted that plaintiff needed to address the timeliness issue by articulating any acts of discrimination that took place within the applicable limitations period. Plaintiff submitted a letter to the Court in response to the conference on November 7, 2008 and filed an amended complaint on December 9, 2008. On January 9, 2008, defendant moved to dismiss the amended complaint. Plaintiff filed his opposition on February 26, 2009. Defendant filed its reply on March 5, 2009. Oral argument was heard on April 24, 2009. The Court has fully considered all of the submissions.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently

---

[6] The Court notes that though plaintiff alleges in his affidavit that defendant has not provided him with a public hearing on the June 15, 2004 charges, (Gallo Aff., Ex. 2, Entry 69), he later alleges in that same document that such a hearing was held on July 19, 2004. (Gallo Aff. at 7, ¶ 51.)

4

pleaded is appropriate only in the most unsustainable of cases." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

Finally, in connection with a motion to dismiss under Rule 12(b)(6), as noted above, the Court may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Moreover, with respect to administrative filings (such as the NYSDHR and the EEOC) and decisions, the Court may consider such documents because they are public documents filed in state administrative proceedings, as well as because they are integral to plaintiff's claims. *See, e.g., McCarty v. Dana Holding Corp.*, No. 08 Civ. 690, 2008 WL 4865038, at *3 (E.D. Mo. Nov. 7, 2008) (under Rule 12(b)(6) standard, "it is clear that the Court may properly incorporate the EEOC charge into its analysis"); *Williams v. Thompson*, No. Civ. A. AW-03-2084, 2004 WL 3178072, at *4 n.2 (D. Md. June 10, 2004) ("Courts have recognized that EEOC charges and right-to-sue letters are public documents that may be considered in a motion to dismiss without converting the action to a motion for summary judgment.") (citations omitted).

III. DISCUSSION

Defendant argues that plaintiff's amended complaint must be dismissed in its entirety because all claims of discrimination contained therein are time-barred. Plaintiff submits that the alleged injuries suffered constitute a continuing violation and are therefore not subject to dismissal on timeliness grounds. For the reasons set forth below, the Court finds that plaintiff's claims are untimely and that he has not presented any evidence demonstrating that equitable tolling is warranted. Furthermore, the Court declines to grant plaintiff leave to replead his complaint, as any further attempt to amend the pleading in this case would be futile. Therefore, defendant's motion to dismiss is granted in its entirety, with prejudice.

A. Timeliness

To maintain a timely action under 42 U.S.C. § 2000e-5, a plaintiff must comply with three requirements: (1) file a timely charge with the EEOC, (2) receive an EEOC right-to-sue letter, and (3) file an action within 90 days of receipt of that letter. *Collier v. Boymelgreen Developers*, No. 06-CV-5425, 2007 U.S. Dist. LEXIS 36181, at *6 (E.D.N.Y. May 17, 2007) (citing *Van Sant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)). With respect to the timing of the EEOC charge, it is well-settled that, prior to filing a claim in federal court pursuant to the ADA, ADEA or Title VII, a plaintiff must institute proceedings with a state or local agency within 300 days of the alleged act of discrimination.[7] 29 U.S.C. §

---

[7] With respect to the ADEA, it is well settled that "[u]nlike Title VII, the ADEA does not require an aggrieved party to receive a right-to-sue letter from the EEOC before filing suit in federal court." *Holowecki v. Federal Express Corp.*, 440 F.3d 558, 563 (2d Cir. 2006) (citations omitted). "However, in the event that the EEOC issues a right-to-sue letter to an ADEA claimant, the claimant must file her federal lawsuit within 90 days after receipt of

626(d); 42 U.S.C. § 12117(a), incorporating the timeliness requirements of Title VII, as codified in 42 U.S.C. § 2000e-5(e)(1) (2004); *see also Butts v. City of N.Y. Dep't of Hous. Pres. and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). These statutory filing periods are "analogous to [ ] statute[s] of limitations," *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996), and, as such, "a failure to timely file a charge acts as a bar to a plaintiff's action." *Butts v. N.Y. City Dep't of Hous. Pres. & Dev.*, No. 00 Civ. 6307 (KMK), 2007 U.S. Dist. LEXIS 6534, at *20 (S.D.N.Y. Jan. 29, 2007) (citing *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004)); *see also McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 214 (2d Cir. 2006). The period begins to run for each discrete discriminatory or retaliatory act when each act occurs. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Hill*, 312 F. Supp. 2d at 472.

In the instant case, to the extent that plaintiff is alleging discrimination based upon the claims raised in his 2004 NYSDHR complaint, those claims are time-barred because plaintiff did not file a lawsuit within 90 days of the issuance of the "Right to Sue" letter on August 17, 2004. In fact, plaintiff did not file this lawsuit until over four years later. Thus, because plaintiff failed to file the lawsuit within the requisite 90 days after receiving the "Right to Sue" letter, any claims based upon the allegations contained in the 2004 NYSDHR complaint are untimely.

Similarly, to the extent that plaintiff is alleging additional discriminatory acts after his 2004 NYSDHR complaint, those claims are also time-barred because plaintiff failed to file a charge with the EEOC, or with the equivalent state or local agency, within 300 days of the alleged discriminatory actions. Here, plaintiff filed his second NYSDHR complaint on March 17, 2008 and, thus, claims that allege ADA, ADEA or Title VII violations which occurred prior to May 23, 2007 (namely, 300 days prior to March 17, 2008) would be time-barred. In the initial complaint and the amended complaint, plaintiff has failed to allege any specific act of discrimination that has occurred since his retirement from the Glen Cove City School District in June 2006. The only "incident" he alleges to have taken place since his June 2006 retirement is the July 2007 "spray and pray" entry listed on his March 17, 2008 NYSDHR complaint. Although the nature of this allegation was initially unclear to the Court, plaintiff explained in his subsequent submissions and at oral argument, that "spray and pray" refers to the disciplinary proceedings brought against him in 2004. At oral argument, when asked what alleged acts of discrimination took place in 2007, plaintiff was unable to cite to any such acts; rather, he simply noted that he spoke to an unidentified state legislator in the summer of 2007 regarding these issues in an effort to bring focus to the defendant's alleged conduct.[8] In short, this Court has provided plaintiff with every opportunity to articulate any allegations that occurred within the applicable limitations period – the Court discussed this issue at the pre-motion conference, allowed plaintiff to file an Amended Complaint to address this precise issue, allowed plaintiff to submit detailed

---

the letter." *Id*. Moreover, in any event, "[u]nder the ADEA, [the plaintiff] was required to file a charge with the EEOC within 300 days of the allegedly unlawful employment practice." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 112 (2d Cir. 2008) (citations omitted).

[8] Obviously, any such discussions with third parties by plaintiff would not constitute an alleged act of discrimination by the defendant for purposes of the discrimination laws and the applicable time periods.

opposition to defendant's motion, and had oral argument at plaintiff's request to allow him to further articulate his position on this issue. Based upon a careful review of the pleadings, plaintiff's submissions, and statements of oral argument, it is abundantly clear that no alleged discriminatory acts have taken place since his retirement in 2006. Thus, plaintiff's claims of discrimination are time-barred.

In reaching this decision, the Court has considered all of the plaintiff's arguments. Construing his complaint and other submissions liberally, the Court surmises that plaintiff argues that all of his claims are timely because they constitute a "continuing violation." In order to invoke the "continuing violation" exception, plaintiff must demonstrate that separate incidents were a part of a larger unlawful employment practice and, therefore, any one of those incidents occurring within the mandatory 300-day filing period necessarily implicates those that preceded it. *See Morgan*, 536 U.S. at 115-21; *see also Quinn v. Green Tree Credit Corp*, 159 F.3d 759, 766 (2d Cir. 1998) ("a continuing violation may be found 'where there is proof of specific ongoing discriminatory polices [sic] or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice'") (quoting *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994)), *abrogated in part on other grounds*, *Morgan*, 536 U.S. at 101.

In the instant case, plaintiff asserts that defendant continues to deny him copies of a "series of observations . . . used for harassment and coercion" as well as the right to a public hearing on the June 15, 2004 charges. (Gallo Aff. at 7 and Ex. 2.) He further submits that the fall-out from the 2004 proceedings has derailed potential career opportunities. (Gallo Aff. at 7-8.) It is obvious to the Court from the voluminous exhibits submitted by plaintiff that all of these alleged "ongoing" acts of discrimination directly relate to the 2004 disciplinary proceedings. However, even assuming *arguendo* that those proceedings constituted an impermissible act of discrimination under the relevant statutes, it is well-settled that "a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act." *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999); *see Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1414 (S.D.N.Y. 1989) (citing *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980) and *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977)); *see generally, e.g., Remigio v. Kelly*, No. 04 Civ. 1877, 2005 WL 1950138, at *7 (S.D.N.Y. Aug. 12, 2005) (same); *Carrasco v. N.Y. City Off-Track Betting Corp.*, 858 F. Supp. 28, 32 (S.D.N.Y. 1994) (same); *Blankman v. County of Nassau*, 819 F. Supp. 198, 207 (E.D.N.Y. 1993) (stating that "the mere fact that wrongful acts may have a continuing impact is not sufficient to find a continuing violation"). "Nor may [a claim of discrimination] be based on 'the fact that the plaintiff's ongoing protests, objections, requests for reconsideration, and persistent demands for administrative and judicial review have caused the dispute to linger to the present day,'" *McFadden v. Kralik*, No. 04 Civ. 8135 (RCC) (JCF), 2007 U.S. Dist. LEXIS 21875, at *24-*25 (S.D.N.Y. Mar. 28, 2007) (quoting *Yip v. Bd. of Trustees of State Univ. of N.Y.*, No. 03 Civ. 00959, 2004 WL 2202594, at *5 (W.D.N.Y. Sept. 29, 2004)), as is the case here. *See also Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) (continuing internal administrative review of allegedly discriminatory decision did not constitute a "continuing violation" that tolled the applicable statute of limitations). Therefore, any residual effects of the 2004 disciplinary

proceedings plaintiff may be experiencing or any related inaction on the defendant's part (*i.e.*, in failing to return observation reports to plaintiff or continuing to deny him a public hearing on the 2004 charges) do not constitute a "continuing violation" that would toll the 300-day statute of limitations. Accordingly, because the alleged acts of discrimination giving rise to plaintiff's ADA, ADEA and Title VII claims occurred more than 300 days prior to the filing of the March 2008 NYSDHR complaint (and no lawsuit was filed within 90 days of the "Right to Sue" letter on the first 2004 NYSDHR complaint), all of plaintiff's claims are time-barred.

B. Equitable Tolling

However, the Court recognizes failure to timely file a formal complaint of discrimination is not jurisdictional. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *accord Long v. Frank*, 22 F.3d 54, 58 (2d Cir. 1994). Thus, because plaintiff failed to file his formal complaint in a timely manner, this Court must now determine whether there are any grounds for equitable tolling. "Tolling of the time limit is granted when 'rare and exceptional circumstances' prevented a plaintiff from filing on time." *Williams v. Potter*, No. 06 Civ. 8258 (LAP), 2007 WL 2375818, at *5 (S.D.N.Y. Aug. 14, 2007) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000)). When determining whether equitable tolling is applicable, a district court must consider "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply."

*Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted). The doctrine is "highly case-specific," and the "burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v. Runyon*, 201 F.3d 178, 184-85 (2000); *see also Smith v. Chase Manhattan Bank*, No. 97 Civ. 4507 (LMM), 1998 WL 642930, at *3 (S.D.N.Y. Sept. 18, 1998) ("[A] court must consider the equities of the excuse offered to explain the delay and may extend the limitations period if warranted.").

Courts have held that only in a limited number of cases do extraordinary circumstances exist. Such cases include where the plaintiff has a mental or physical disability. *See, e.g., Tsai v. The Rockefeller Univ.*, 137 F. Supp. 2d 276, 281-83 (S.D.N.Y. 2001); *Lloret v. Lockwood Greene Eng'rs, Inc.*, No. 97 Civ. 5750 (SS), 1998 WL 142326, at *2-*4 (S.D.N.Y. Mar. 27, 1998). However, in many other situations involving some purported hardship or explanation for the delay, courts have held that extraordinary circumstances did not exist. *See, e.g., Ferrer v. Potter*, No. 03 Civ. 9113 (AJP), 2005 WL 1022439, at *8 (S.D.N.Y. May 3, 2005) (holding father's death insufficient reason for equitable tolling); *Jenkins v. Potter*, 271 F. Supp. 2d 557, 564 (S.D.N.Y. 2003) (holding union representative's "wife's terminal illness" not sufficiently "extraordinary" circumstance to justify equitable tolling); *Moore v. Potter*, 217 F. Supp. 2d 364, 373 (E.D.N.Y. 2002) ("Equitable tolling is not available when it is

the fault of the claimant for failing to exercise due diligence in meeting the filing deadlines."); *Chalom v. Perkins*, No. 97 Civ. 9505 (LAP), 1998 WL 851610, at *6 (S.D.N.Y. Dec. 9, 1998) ("Even if [plaintiff] did offer proof of the mental grief she alludes to, it would not reach the high standard that this circuit has applied.") (citing cases); *Brundin v. United States*, No. 95 Civ. 2689 (WK), 1996 WL 22370, at *5 (S.D.N.Y. Jan. 19, 1996) ("Although the plaintiff does supply an excuse for the delay – the unexpected death of her father – this reason alone does not warrant equitable tolling.").

In the instant case, plaintiff has failed to articulate any "rare and exceptional circumstances" which prevented him from complying with the timing requirements applicable to his claims. First, there is no adequate explanation for his failure to file a lawsuit in a timely manner after receiving the "Right to Sue" letter in 2004. Second, there is no explanation for the failure to file the NYSDHR claim in 2008 in a timely manner as it relates to post-2004 conduct. In fact, as noted above, plaintiff *did* file a claim of discrimination with the NYSDHR related to the 2004 disciplinary proceedings later that same year, so there is no explanation for his failure to file the 2008 NYSDHR complaint in a timely manner as it related to the events surrounding, among other things, his resignation in 2006. The filing of the 2004 NYSDHR complaint demonstrates that plaintiff was perfectly capable of meeting the applicable filing deadline, and he has offered no excuse in the instant pleadings for the untimeliness of his 2008 NYSDHR complaint. Instead, plaintiff simply argues that the 300-day filing deadline is inapplicable, directing the Court's attention to boilerplate language in the NYSDHR's April 17, 2008 dismissal letter[9] and three decisions and one statute that have no bearing on the legal issues presented herein.[10]

---

[9] The dismissal states that "[a]n individual whose complaint is dismissed for untimeliness maintains all rights to bring a suit in any court of appropriate jurisdiction," and indeed, plaintiff had the right to bring the instant suit before this Court. His right to do so, however, does not immunize his claims from dismissal on timeliness grounds.

[10] Specifically, plaintiff submits that his claims are timely, pursuant to (1) the decision in *Murphy v. American Home Products*, 58 N.Y.2d 293 (N.Y. 1983); (2) the Supreme Court decisions of *CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951 (2008) and *Gomez v. Potter*, 128 S. Ct. 1931 (2008); and (3) the Federal False Claims Act, 31 U.S.C. § 3729 *et seq*. (Gallo Aff. at 8-9, Ex. 22.) The Court examines each decision/statute in turn. First, the *Murphy* ruling is inapposite, as it simply determined that "[t]he period of time for commencement of a judicial action for unlawful discrimination in employment is the three-year period of CPLR 214 (subd 2) and not the one-year period prescribed in subdivision 5 of section 297 of the Executive Law." 58 N.Y.2d at 294. As plaintiff has brought the instant lawsuit under *federal* anti-discrimination statutes, any state law statute of limitations do not apply. Next, the *CBOCS West, Inc.* decision ruled that claims of retaliation may properly be brought under Section 1981 of the Civil Rights Act of 1866, which has a more generous statute of limitations of four years. *See* 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 382 (2004). Again, this case is inapplicable, as plaintiff has not brought a Section 1981 claim and even construing his complaint liberally so as to determine that he has, such a claim would fail on the merits because he has not alleged membership in a racial minority, as required by that statute. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) ("To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and

9

Plaintiff has thus raised no cognizable arguments in support of equitable tolling and, accordingly, the Court concludes that it is not warranted under the circumstances.[11] Therefore, plaintiff's claims are dismissed as time-barred.

---

enforce contracts, sue and be sued, give evidence, etc.)."). The decision in *Gomez-Perez* is equally inapposite, as the Supreme Court ruled therein that ADEA protections against retaliation extend to federal employees as well as those working in the private sector, and plaintiff has not brought suit as a federal employee nor would his claims benefit from a lengthier statute of limitations if he had. Finally, plaintiff's reference to the Federal False Claims Act has no bearing on the instant case, as it "authorizes private citizens to sue on behalf of the United States to recover treble damages from those who knowingly make false claims for money or property from the Government or who knowingly submit false statements in support of such claims or to avoid the payment of money or property to the Government." *U.S. ex rel. Lissack v. Sakura Global Capital Mkts.*, 377 F.3d 145, 146 (2d Cir. 2004). Plaintiff has not brought suit under this statute and indeed, has made no allegation that defendant has engaged in any conduct prohibited by that law. Accordingly, the Federal False Claims Act and its six year statute of limitations is wholly inapplicable to the case at bar. In short, none of the case authority or factual arguments by plaintiff provide a basis for equitable tolling in this case.

[11] Although plaintiff made a conclusory suggestion at the oral argument that his failure to comply with the timing requirements may have been because of the neglect of attorneys he utilized, the Second Circuit has clearly held that "lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll." *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 457-58 (1990) (equitable tolling was not proper where plaintiff's attorney was out of country when EEOC notice arrived)). Here, plaintiff has simply not provided a sufficient basis for equitable tolling under the circumstances.

## C. Leave to Replead

The Court has also considered whether plaintiff should be given an opportunity to replead. The Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile.[12] As discussed in detail *supra*, it is clear from the complaint (as well as plaintiff's detailed submissions in opposition to the motion and amended complaint) that he does not have any possibility of asserting plausible ADA, ADEA or Title VII claims that overcome the timeliness issues or provide a basis for equitable tolling. Moreover, the Court already provided plaintiff with the opportunity to replead at the October 17, 2008 conference, and he submitted both a letter to the Court as well as an amended complaint in response, neither of which alleged any timely acts of discrimination or provided grounds for equitable tolling. It is abundantly clear to the Court that no further amendments can cure these deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112

---

[12] In reaching this determination, the Court has reviewed all of the plaintiff's submissions, including the documents that he attached to his complaint, amended complaint and opposition, all of which confirm the futility of any amendment as to the proposed federal claims.

("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 55 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). Accordingly, plaintiff's complaint is dismissed with prejudice.

### IV. CONCLUSION

For the reasons stated above, defendant's motion to dismiss plaintiff's amended complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), on timeliness grounds is granted in its entirety. The action is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 29, 2009
Central Islip, New York

\* \* \*

Plaintiff is representing himself *pro se*: Saverino Gallo, 47 S. 6th Street, Locust Valley, New York, 11560. The attorney for the defendant is Warren H. Richmond, III, Esq., Ingerman Smith, L.L.P., 150 Motor Parkway, Suite 400, Hauppauge, New York, 11788.